JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50311 | **DATE** | 10/12/2004 |
| **CASE TITLE** | Denny vs. Chandler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court substitutes Nedra Chandler as the proper respondent, denies the petition for writ of habeas corpus, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 10-13-04 date docketed | 14 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 10-13-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Petitioner, Steven F. Denny, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in Illinois state court for aggravated battery of a child (720 ILCS 5/12-4.3 (West 2000)). The sole contention raised by petitioner is that the introduction of statements he made on four different occasions to an investigator of the Illinois Department of Children and Family Services (DCFS) violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The State has filed a response in which it contends that the holding of the Illinois appellate court, that petitioner was not in custody at the time he gave any of the statements and therefore Miranda did not apply, was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

As a preliminary matter, the court substitutes Nedra Chandler, the current warden at petitioner's place of incarceration, as the proper respondent in this case. See Fed. R. Civ. P. 25(d)(1).

Petitioner raised the same issue he raises here in the trial court, the appellate court, and via a petition for leave to appeal before the state supreme court. The trial and appellate courts both ruled that he was not in custody at the time he gave the challenged statements, and the state supreme court denied his petition for leave to appeal. Thus, this court must determine whether the decision of the Illinois Appellate Court was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

In the context of a § 22554 proceeding, the Seventh Circuit Court of Appeals applied Supreme Court precedent in determining whether the decision of an Illinois appellate court that a petitioner was in custody for purposes of Miranda was either contrary to, or an unreasonable application of, clearly established law. See A.M. v. Butler, 360 F. 3d 787 (7th Cir. 2004). In doing so, the court stated that a question of whether a person is in custody is determined by whether, examining the totality of the circumstances, a reasonable person in the petitioner's position would have felt at liberty to terminate the interrogation and leave. Butler, 360 F. 3d at 795-96, citing Thompson v. Keohane, 516 U.S. 99, 112 (1995). In making this determination, the only relevant inquiry is how a reasonable man in the petitioner's position would have understood his situation. Butler, 360 F. 3d at 796, citing Berkemer v. McCarty, 468 U.S. 420, 442 (1984). The Supreme Court is clear that the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogator or the person being questioned. Butler, 360 F. 3d at 796, citing Stansbury v. California, 511 U.S. 318, 323 (1994).

Keeping these principles in mind, this court has reviewed the decision of the Illinois Appellate Court that held that petitioner was not in custody when he gave any of the challenged statements to the DCFS investigator. See People v. Denny, No. 2-02-0361, unpublished order under Sup. Ct. R. 23 (Oct. 31, 2003). The court finds that the reasoning and the conclusion of the appellate court in that regard is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent as to whether petitioner was in custody for purposes of Miranda. Thus, the court denies the petition for writ of habeas corpus.